[S. F. No. 44.   Department One.—July 22, 1896.]

# LOUIS HEIDT, RESPONDENT, v. PETER O. MINOR, APPELLANT.

APPEAL—EFFECT OF REFUSAL—NEW TRIAL.—Where a judgment is reversed on the ground that it is not supported by the findings, there being no finding at all upon a material fact, the effect of the unqualified reversal is not to entitle the appellant to a judgment upon the findings, but to remand the cause for a new trial.

ID.—AMENDMENT OF PLEADINGS AFTER REVERSAL—DISCRETION.—After the reversal of a judgment the parties in the court below have the same rights which they originally had, and the court has discretion to permit any proper amendment to the pleadings.

ID.—LAW OF THE CASE.—The law of the case consists not in the reasoning of the court, or the illustrations given upon a former appeal, but in the propositions of law actually decided and applicable to the facts in judgment; and the rule of the law of the case only applies when, upon a subsequent trial, the issues and facts found remain substantially the same, and has no application where the facts alleged and found are materially different from those considered on a former appeal.

NOTARY PUBLIC—FALSE CERTIFICATE OF ACKNOWLEDGMENT OF MORTGAGE—LIABILITY OF SURETIES—MEASURE OF DAMAGES—SOLVENCY OF MORTGAGOR.—When a notary public falsely certifies that the mortgagor duly acknowledged the execution of a mortgage, which in fact is a forgery, the measure of damages in an action on the official bond of the notary, brought by one who has parted with value on the faith of the certificate, is the amount which would be the value of the mortgage if genuine, which value is the amount collectible thereon; and if the mortgagor is solvent, the measure of damages is the face value of the mortgage debt, without regard to the value of the mortgaged property, it being immaterial whether the amount of the mortgage debt be collected from the mortgaged property or by the enforcement of a deficiency judgment against the mortgagor.

APPEAL from a judgment of the Superior Court of Santa Clara County.   W. G. LORIGAN, Judge.

The main facts are stated in the opinion rendered upon the former appeal (89 Cal. 115), and further facts are stated in the opinion of the court upon this appeal.

*Archer & Bowden*, and *A. L. Rhodes*, for Appellant.

The court below should have rendered judgment for the defendant for the return of the *remittitur* (*Overacre* v. *Blake*, 82 Cal. 84), and it erred in permitting plaintiff to amend the complaint.   The demurrer should

CXIII. CAL.—25

have been sustained to the amended complaint, as the new facts set up in it are immaterial, and it does not state facts sufficient to constitute a cause of action. As it was held on the first appeal that the measure of damages is the value of the mortgage, had it been valid, that doctrine is the law of the case.

*S. F. Leib*, for Respondent.

Appellant was not entitled to judgment on the pleadings or findings on the return of the *remittitur*. If this court had so intended, it would have so ordered. (*Barry* v. *Goad*, 89 Cal. 223; *Blumenthal* v. *Goodall*, 89 Cal. 257; *Louis* v. *Elfelt*, 89 Cal. 551; *Watt* v. *Smith*, 89 Cal. 605; *Stearns* v. *Aguirre*, 6 Cal. 177, 183; 7 Cal. 443.) It was not error to allow plaintiff to amend her complaint, making her case better, if she could. (*Phelan* v. *San Francisco*, 9 Cal. 15; *Roland* v. *Kreyenhagen*, 18 Cal. 457; *Kirstein* v. *Madden*, 38 Cal. 163; *Cheney* v. *O'Brien*, 69 Cal. 199; *Ward* v. *Clay*, 82 Cal. 509; *Gould* v. *Stafford*, 101 Cal. 32; *Fitzgerald* v. *Neustadt*, 91 Cal. 602, 603.) That a genuine mortgage would have enabled the plaintiff to have obtained a deficiency judgment by conclusively establishing the validity of the note, which was properly recited in it, is beyond question. (Code Civ. Proc., secs. 726, 1962, subd. 2; *Alvord* v. *Spring Valley Gold Co.*, 106 Cal. 547; *Waldrip* v. *Black*, 74 Cal. 409.) The doctrine of the law of the case does not apply when, on a subsequent trial, the record presents a different state of facts. (*Klauber* v. *San Diego Street Car Co.*, 98 Cal. 107; *Gould* v. *Stafford*, 101 Cal. 35.) This court has never said plaintiff could not recover where the mortgage would have been perfectly good, if genuine, on account of the solvency of the makers. If it had, it would be merely *obiter*, as the record did not then present the question. (*Wixson* v. *Devine*, 80 Cal. 388, 389.) The false certificate was the proximate cause of the loss. (*Bartels* v. *People*, 45 Ill. App. 306; *People* v. *Butler*, 74 Mich. 643; *Rochereau* v. *Jones*, 29 La. Ann. 82; *People* v. *Colby*, 39 Mich. 456; *Kleinsorge*

v. *Meyer*, 2 Mo. App. 413; *Lesser* v. *Wunder*, N. Y. Week.
Dig. 56.)

VAN FLEET, J.—This is an action against one of the
sureties on the official bond of a notary public, to recover
damages alleged to have been caused by a certain false and
fraudulent certificate of acknowledgment. On the first
trial a judgment was rendered for plaintiff, which, on
appeal to this court, was reversed on the authority of
*Heidt* v. *Minor*, 89 Cal. 115. That appeal was on the
judgment-roll only, and the facts were precisely similar
to those in the case cited. On the return of the case to
the court below plaintiff, by leave of the court, amended
her complaint. The case was then tried before a jury,
and plaintiff had a verdict and judgment, and defend-
ant appeals on the judgment-roll only. The points
made by appellant are: that the court below should
have rendered judgment in favor of defendant on the
coming down of the *remittitur*, and without a new trial;
that the court erred in allowing the amendment to the
complaint; and that the facts on the second trial were
substantially the same as on the first trial, and that,
therefore, the rule of " the law of the case" entitled the
defendant to a judgment.

1. The judgment of this court on the first appeal was
simply that " the judgment . . . . in the above-entitled
cause be, and the same is hereby, reversed, with costs."
The effect of this unqualified reversal was to remand
the cause for a new trial. (*Falkner* v. *Hendy*, 107 Cal.
49, 54.) It may also be remarked that the reversal of a
judgment on the ground that it is not supported by the
findings does not necessarily imply that any judgment
ought to have been rendered on those findings. The
reversal in this case was based on the proposition that
there was no finding at all upon a certain material fact.
In the absence of such finding no judgment could
properly have been rendered.

But appellant contends that the original complaint
contained no allegation as to the fact in question, that

the findings covered all the issues made by the pleadings, and that, therefore, the reversal was really based on the ground that the complaint stated no cause of action. No such point was made on that appeal or mentioned in the opinion; and, had it been made, it would have been proper, on remanding the case, to give the plaintiff an opportunity to amend.

2. After the reversal of the judgment the parties in the court below had the same rights which they originally had; and that court, therefore, had discretion to permit any proper amendment to the pleadings. (*Phelan* v. *San Francisco,* 9 Cal. 15; *Gould* v. *Stafford,* 101 Cal. 32.) The only objection urged to the substance of the amendment is that it did not cure the defect in the original complaint, or make it state a cause of action. This question will most conveniently be considered with the next point.

3. On the first trial the findings showed that the mortgage to which the certificate of acknowledgment in question was appended had never been executed or acknowledged by the person therein named as mortgagor; that the certificate was false, and was made for the purpose of defrauding the plaintiff out of certain money; and that the plaintiff had actually parted with that money on the faith of that certificate. But the findings did not show whether the mortgage, if it had been genuine—if it had, in fact, been duly executed and acknowledged by the mortgagor—would have been of any value; and it was therefore held that upon those findings it could not have been ascertained whether or not plaintiff had suffered any loss *by reason of the false certificate.* The decision upon that point, of course, became the law of this case, and must control the determination of the present appeal, unless the facts disclosed upon the second trial differ, in some material particular, from those upon which the former decision was based.

The amendment to the complaint, among other things, alleged that the supposed mortgagor did not own, or

claim to own, any part of the lands embraced in the mortgage, but that he was solvent, and able to pay the note set forth in the mortgage, and that, had said mortgage been genuine, he would have paid that note. The truth of these allegations is established by the verdict in favor of plaintiff.

Respondent contends that these new facts make the case substantially different from that presented on the former appeal, and that they supply the defect in the findings for which the former judgment was reversed. Her contention is that, had the mortgage been genuine, the recital therein setting out the note would have been conclusive, against the mortgagor, of the due execution of the note. (Code Civ. Proc., sec. 1962, subd. 2; *Waldrip* v. *Black*, 74 Cal. 409; *Alvord* v. *Spring Valley etc. Co.*, 106 Cal. 547); and that, in a suit to foreclose the mortgage, the mortgagor being solvent, plaintiff would have been able to collect the full amount of the note—if not upon the sale of the property, at least upon a deficiency judgment. She therefore claims that it now appears that the mortgage, if genuine, would have been of the value of fifteen hundred and fifteen dollars and eighty-two cents (for which amount judgment has been rendered in her favor), being the amount of the principal and interest of the note recited in the mortgage, and that she has been damaged in that sum by the false certificate of acknowledgment.

We think this contention sound. It is certain that when a notary certifies that the mortgagor duly acknowledged the execution of a mortgage, which in fact is a forgery, the measure of damages, in an action against the notary or his sureties brought by one who has parted with value on the faith of such certificate, is in cases of this character the amount which would be the value of the mortgage if genuine. The value of a mortgage is the amount which can and will be collected thereon; and it matters not whether that amount is obtained by a sale of the mortgaged premises or by the enforcement of a deficiency judgment. If the mortgagor has no

interest in the mortgaged premises the property may bring nothing, or only. a nominal amount on the sale; but in that case the plaintiff has an absolute right to a judgment for the deficiency against the maker of the note, and if he is solvent that deficiency will be collected. The value of the mortgage, therefore, depends not merely on the value of the mortgaged property, but, in case of the insufficiency of that property, upon the solvency of the mortgagor. When it appears, as it does in this case, that the plaintiff, had the mortgage been genuine, would. have been able to collect the whole amount named therein, he is entitled to recover that amount without regard to the value of the mortgagor's interest in the mortgaged property.

But appellant contends that, in the opinion on the former appeal, it was decided that the value of this mortgage, if valid in every respect, would have depended upon the value of the mortgaged property, and that that proposition thereby became the law of this case. It is true that that opinion does contain such language. But the "law of the case" consists, not in the reasoning of the court or the illustrations given, but in the propositions of law actually decided and applicable to the facts in judgment. The only propositions of law decided on that appeal, so far as this matter is concerned, and the only ones which, on the facts then before the court, could have been decided, were: that the defendant is liable only for what would be the value of the mortgage if valid; that the court had not found that it would be of any value if valid; and that, therefore, the proper basis for determining the liability of the defendant was wanting. (See *Heidt* v. *Minor, supra.*) All beyond this was mere reasoning and illustration. It is true that, ordinarily, the value of a mortgage does depend upon the value of the mortgaged property; and, in discussing this question, that aspect of the matter was the only one considered. But as neither the pleadings nor the findings then contained anything as to the value of the property, or the extent of the mortgagor's

interest therein, or his solvency, no statement as to the respective force of those different facts was intended to be made, nor if made, would it have had the force of a decision.

Moreover, the rule of the law of the case only applies when, on a subsequent trial, the issues and the facts found remain substantially the same. On this last trial the facts alleged and found are materially different from those considered on the former appeal. On that appeal the court did not consider, and could not properly have considered, what the rule would be where the supposed mortgagor, though not the owner of any interest in the mortgaged premises, was nevertheless entirely solvent, and able to respond to the full amount of the mortgage debt. That question arises for the first time upon the present record, and its decision in favor of respondent is in nowise opposed to anything actually decided upon the former appeal. The true rule is as stated by one of the learned judges of the court below in this case: "When new issues are made, involving the finding of facts which could not be found under the pleadings which went to the supreme court, as to such new fact the opinion stands upon the same footing as if given in another case."

The judgment is affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.