[No. 16.   Second Appellate District.—August 28, 1905.]

# WILLIAM RILEY, Appellant, ·v. LOMA VISTA RANCH COMPANY, W. W. HOWARD, and W. L. RILEY,. Respondents.

CORPORATION—PARTNERSHIP—AGENCY—WAREHOUSE RECEIPTS BY SEC-RETARY TO HIMSELF—RATIFICATION—FINDINGS AGAINST EVIDENCE.—Where a corporation owning a warehouse is virtually an incorporated partnership, of which its secretary is the managing partner, and he has been in the habit of storing hay in the warehouse and issuing receipts therefor in his own name, signed by the corporation, by himself as secretary, which were regularly entered upon the books and known to the directors, he had authority to issue such receipts to himself; and where it clearly appears that a particular receipt so issued was ratified by the company upon report. thereof, and by failure to object thereto upon inquiry of a subsequent assignee thereof for value as to the rate of storage, findings that the corporation did not issue or ratify the receipt are against the evidence.

ID.—WAREHOUSE RECEIPT CONCLUSIVE AS TO AMOUNT STORED—ESTOPPEL.—Both under the general law and by force of the statute law of this state it is not competent for a warehouseman to contradict his receipt as to the amount stored; but he is estopped thereby to deny the actual receipt and possession of the goods represented by said receipt.

APPEAL from a judgment of the Superior Court of Los-Angeles County and from an order denying a new trial.. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

James H. Blanchard, and Will D. Gould, for Appellant.

R. H. F. Variel, for Corporation, Respondent.

Curtis D. Wilbur and G. P. Adams, for W. W. Howard,. Respondent.

William E. Cox, for W. L. Riley, Respondent.

SMITH, J.—Appeal from a judgment for the defendants. and from an order denying plaintiff's motion for a new trial.

The defendant corporation is successor of the firm of Bixby & Howard, composed of Jotham Bixby, the defendant.

Howard, and five others, who (excepting one) subscribed for and continued to be the holders of all the stock of the corporation. Howard was manager of the business of the firm before the incorporation, and continued to be such until about the twenty-third day of January, 1897. This suit was brought to recover the value of the balance of the hay undelivered, represented by a warehouse receipt, which is as follows:—

"LOMA VISTA WAREHOUSE.

"No. 172. Howard's Summit, Los Angeles Co., Cal.
."7-14, 1896.

"Received in Warehouse at Howard's Summit, on storage, the following merchandise for account of W. W. Howard, at the following rates, one dollar per ton for the season, i. e. July 1-97.

"Not responsible for shrinkage or loss by fire.

| "Gangway Lots. Numbers. | Marks. | No. of Bales. | Weight. | Description. |
|---|---|---|---|---|
| "2-4-11 | D, | 1, | 2159 | 474,691 | Oat & Barley Hay. |
| "12-13 | J, | | | | |

"This receipt must be surrendered and storage paid before delivery of goods will be made. Transfers not complete unless entered in the warehouse books. Storage commences July 1, 1896.                LOMA VISTA RANCH CO.,
Proprietors,

"Per W. W. HOWARD, Sec. & Manager."

This receipt, it is found, was for the balance of the hay undelivered, represented by a receipt in similar form issued in the year 1895, which had been pledged to the Merchants' National Bank of Los Angeles as collateral security for the sum of two thousand dollars; and for which the new certificate was substituted. The latter was assigned for value to the defendant W. L. Riley, December 27, 1897, and by him to the plaintiff. Portions of the hay represented by the receipt, aggregating 1,399 bales, were delivered to the defendant W. L. Riley and indorsed on the receipt; and after this delivery the defendant corporation refused to deliver any more hay upon the ground that all the hay of Howard in their possession had been delivered. The assignment of the plaintiff was after this refusal of the defendant corporation, of which the assignee had notice.

It was found by the court that "through omissions, mistakes and oversight, the last-named receipt called for a larger amount of hay than was then actually on storage in said warehouse and barns of the said defendant Loma Vista Ranch Company"; and, in effect, that the hay actually delivered to W. L. Riley was all the hay at that time in the hands of the company; and it is further found, in effect:—

That the defendant corporation never made, issued, or delivered either of said warehouse receipts to W. W. Howard, or subsequently ratified the same, or either of them, and that its officers and directors, other than Howard, did not have any notice or knowledge of the issuance of such receipts until after the resignation of Howard; and that at the time of the assignment of the receipt to W. L. Riley the latter knew that the said Howard had been in fact the secretary and manager of the corporation defendant, and in charge of its business and warehouse at the time the receipt was issued, and purchased the receipt and hay represented thereby "with notice that the said Howard had issued said receipt in the name of said corporation by himself, as secretary and manager thereof, to himself in his individual capacity, without authority so to do, and with constructive notice that said receipt as against said corporation defendant called for more hay than said corporation defendant had received or had then in its possession or warehouse."

But these findings are attacked by the specifications of the appellant, and from the evidence in the case the following facts appear without contradiction: Previously to the issue of the receipt sued upon, Howard had been in the habit of storing hay in the warehouse of the defendant corporation and issuing receipts to himself therefor, which were regularly entered in the books of the company and known to its directors, or some of them; and from the minutes of the corporation it appears that in the report of Howard as secretary, made on the twenty-third day of January, 1897, this particular receipt is referred to, and that at the next subsequent meeting the minutes of the preceding meeting, showing the financial statement and annual account of Howard, were read and the minutes of the meeting approved, the minutes showing no objection made to the receipt in question. And, again, at the stockholders' meeting of June 27, 1898,

all the official acts of the board of directors of the corporation
during the year were approved, ratified, and confirmed.    It
also appears from the evidence of William Riley that before
completing his purchase of the certificate and the hay repre-
sented thereby he went to the company's office and inquired
of the officers there present how much the charge of storage
against the hay was, and was informed that they had made
arrangements with Mr. Howard and that it would be a dollar
and a half a ton, if the hay was taken away within three
months, and that none of the officers said anything "about
any suspicion of the warehouse receipt in any way."    This
evidence is confirmed by the witness Rawson, who succeeded
Howard as manager, and was one of the officers applied to.

Upon this evidence, which was uncontradicted, we think it
clear that Howard had authority to issue receipts to himself,
and that this particular receipt was ratified by the company
upon its receipt of Howard's report and its failure to make
any objection to the receipt upon the occasion of Riley's in-
quiry as to the rate of storage.    (*Phillips* v. *Sanger Lumber
Co.,* 130 Cal. 432, [62 Pac. 749].)    And this view of the case
is confirmed by the character of the incorporation—which
was that of an incorporated partnership—of which Howard
had been the manager and one of the principal partners.
(*Shorb* v. *Beaudry,* 56 Cal. 450.)    We are of the opinion,
therefore, that the findings objected to were not justified
by the evidence.

It remains to consider whether it was competent for the
defendant corporation to contradict its receipt as to the
amount of hay represented by it, and on this point we are of
the opinion that it could not.    By the first section of the act
of April 1, 1878, (Civ. Code, p. 779, [Stats. 1877-8, p. 949],)
a warehouseman is forbidden to issue a receipt for goods that
have not been *bona fide* received into store by such ware-
houseman, or which are not in store and under his control
at the time of issuing the receipt; and by section 10 a viola-
tion of this or other provision of the act is made a felony.
And by section 6 it is provided, with reference to negotiable
receipts (of which this is one), that a warehouseman shall
not "be allowed to make any offset, claim, or demand other
than is expressed on the face of the receipt or receipts issued
for the same, when called upon to deliver said goods," etc.

By the provisions of the act, therefore, a warehouseman is estopped to deny the actual receipt and possession of the goods "represented by said receipt"; which seems to be in accordance with the general law. (*Hanover Nat. Bank* v. *American Dock etc. Co.*, 148 N. Y. 612, [51 Am. St. Rep. 721, 43 N. E. 72, and cases cited].) The case cited is very similar to the case before us on both of the points involved.

We are of the opinion that the judgment and order appealed from must be reversed, and it is so ordered.

Gray, P. J., and Allen, J., concurred.