[Civ. No. 340.   Second Appellate District.—February 18, 1907.]

WILLIAM RILEY, Respondent, v. THE LOMA VISTA RANCH COMPANY, Appellant, and W. W. HOWARD and W. L. RILEY, Codefendants.

NEW TRIAL—APPEAL FROM ORDER—INSUFFICIENCY OF EVIDENCE—EFFECT OF REVERSAL.—A reversal by the appellate court of an order denying a new trial, on the ground assigned, that the findings were not justified by the evidence, has the effect to award to the parties a new trial. The parties occupy the same position under such reversal as though no trial had ever been had. The case is before the court below for trial *de novo* of all issues of fact, upon such proper amendments to the pleadings as the court may allow; and the parties have the right, upon the new trial, to introduce any and all competent evidence.

ID.—ERRONEOUS JUDGMENT UPON MOTION, WITHOUT TRIAL—FORMER JUDGMENT AGAINST CODEFENDANTS.—Where the superior court, after the going down of the *remittitur,* awarded judgment in favor of the respondent against the appellant upon motion, based upon a former judgment rendered in his favor against codefendants of the appellant, without any trial or findings of fact against the appellant, the judgment is erroneous and must be reversed.

ID.—ABSENCE OF FINDINGS NOT WAIVED—JUDGMENT NOT SUPPORTED—RIGHT OF APPEAL NOT WAIVED.—There being no findings and no

waiver of findings, the judgment is unauthorized. It cannot be deemed supported by the former findings set aside upon reversal. The mere failure of appellant's counsel to object to the procedure adopted by the court did not have the effect to waive the right of the appellant to appeal from the erroneous and unsupported order and judgment rendered against appellant upon motion, without the new trial allowed by this court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank F. Oster, Judge Presiding.

The facts are stated in the opinion of the court.

Barstow & Variel, for Appellant.

Will D. Gould, and James H. Blanchard, for Respondent.

SHAW, J.—The appellant issued to one Howard its warehouse receipt for a quantity of hay. A part of the hay had been delivered when, by assignment, the respondent acquired title to this receipt, demanded the balance of the hay, and upon failure to deliver the same instituted suit against the Loma Vista Ranch Company for the value thereof, making as parties defendant in said suit Howard and one W. L. Riley, who was respondent's immediate assignor. Upon the trial he obtained judgment against Howard and W. L. Riley, but as against the Loma Vista Ranch Company it was adjudged that plaintiff's (respondent's here) complaint be dismissed and that said company have judgment for its costs. The respondent moved for a new trial, which motion was, by order of court, denied, and on his appeal therefrom, this order was reversed without any qualification. (*Riley* v. *Loma Vista Ranch Co.,* 1 Cal. App. 488, [82 Pac. 686].)

On November 24, 1905, and after the *remittitur* had been filed in the superior court, judgment was rendered on motion in favor of respondent William Riley, and against the Loma Vista Ranch Company, and from this judgment the latter appeals on the judgment-roll.

The order of reversal was general and not qualified by any specific direction, the ground assigned therefor being that the findings were not justified by the evidence.

The effect of this reversal was to award to the parties a new trial of the case. (*Falkner* v. *Hendy,* 107 Cal. 49-54,

[40 Pac. 21, 386] ; *Myers* v. *McDonald,* 68 Cal. 163, [8 Pac. 809] ; *Irwin* v. *Towne,* 43 Cal. 23; *Kellogg* v. *King,* 114 Cal. 378, [55 Am. St. Rep. 74, 46 Pac. 166].)

The position occupied by the parties was identically the same under this reversal as though no trial had ever been had. "A new trial is a re-examination of any issue of fact in the same court after a trial and decision by a jury or court, or by referees." (Code Civ. Proc., sec. 656.) They were left free to make such proper amendments to the pleadings as the trial court might allow, and upon the trial to introduce any and all competent evidence. The case was before the court for trial *de novo.* (*Heidt* v. *Minor,* 113 Cal. 385, [45 Pac. 700].)

It appears that no trial within the meaning of said section 656, Code of Civil Procedure, was ever had. The judgment from which the appeal is taken recites that the cause came on to be heard "on plaintiff's motion for judgment against defendant Loma Vista Ranch Company, a corporation, upon *remittitur* from the district court of appeals"; that the parties were present in court by counsel; the rendition of the former judgment; motion for new trial and order denying same, and that on appeal the same was reversed; and "it appearing to the court that all questions of fact in said cause were determined and finally adjudicated by judgment heretofore entered against W. W. Howard and W. L. Riley, and good cause being shown therefor, and no objection being made thereof, it is ordered," etc. It thus appears that there was an entire absence of the procedure necessary in a re-examination of the issues of fact joined by the pleadings. No findings were made, and in view of the recitals in the judgment, we cannot, in aid thereof, indulge in the presumption that they were waived. (*People* v. *Forbes,* 51 Cal. 628.) The findings made upon the former trial were brought up in the transcript, but the facts then found by the court supported, not this judgment, but the former judgment, and embodied the decision, which this court then held was not justified by the evidence.

The fact that counsel for appellant did not object to the procedure cannot be construed as consent thereto. Failure to object was not a waiver of its rights to appeal from any erroneous order or judgment.

Respondent insists that the transcript does not contain the notice of motion made for judgment. This is no part of the judgment-roll, and further, appellant not only concedes that the notice was served, but makes no point on account of its absence.

It is apparent that the judgment was rendered through misapprehension and inadvertence of both the respondent and the court, and that counsel for appellant did not conceive that the interest of their client demanded that they enter any objection to the procedure. Want of criticism should not be construed as commendation of the position assumed by appellant in this behalf.

It is urged that the trial court should now be directed to enter judgment for appellant on the findings made on the former trial. Section 657, Code of Civil Procedure, provides that, "the former verdict or other decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: . . . 6. Insufficiency of the evidence to justify the verdict or other decision." This court in its opinion on the former appeal held that the findings upon which appellant now bases its claim for a judgment were not justified by the evidence and reversed the order of the trial court denying the motion for a vacation of the decision and, in effect, ordering that a new trial be granted. These findings having been set aside, and the record excluding the presumption that any were waived, and none other having been made in any subsequent trial, it follows that there are no findings to support any judgment.

The judgment is reversed and the cause remanded for a new trial, as heretofore ordered.

Allen, P. J., and Taggart, J., concurred.