[Civ. No. 7628. First Appellate District, Division One.—October 16, 1931.]

RICHARD SICHTERMAN, Respondent, v. R. M. HOL-LINGSHEAD CO. (a Corporation), Appellant.

Edwin H. Williams for Appellant.

Ford & Johnson for Respondent.

TYLER, P. J.—Action for damages for personal injuries.

The appeal is from a judgment rendered in a second trial of the action. When the case was first tried the jury rendered a verdict in favor of plaintiff for the sum of $20,000. Upon appeal from the judgment rendered on this verdict a reversal was had. Thereafter, upon a second trial, a verdict and judgment in plaintiff's favor for the sum of $15,000 was rendered. This is an appeal from such judgment. The original judgment was reversed upon the ground that the evidence failed to show negligence on the part of defendant.

Upon the second trial plaintiff offered, and there was received in evidence, new and additional testimony bearing upon this issue. It was claimed by defendant at the trial that plaintiff changed his testimony and sought to prove that defendant's negligence was due to its driving at an excessive rate of speed; that such testimony was false and fabricated and designed to meet the exigency of the case which arose after the appellate court held there was a failure of proof as to negligence on the part of defendant, as plaintiff had positively disclaimed, upon the first trial, any knowledge of the speed at which defendant was driving. In support of this claim, defendant offered in evidence the opinion and other judicial records on the first appeal, includ-

ing the petition for transfer filed with the Supreme Court by plaintiff, wherein it was recited that if the decision of the appellate court was permitted to stand as the law of the case, plaintiff would be forever foreclosed from having any recovery. These records were offered for the purpose of showing plaintiff's express admission, after the time of the first trial, that he had no further evidence of negligence to present. It was claimed, in support of the offer, that plaintiff's declaration constituted an admission by conduct that a fabrication of evidence was necessary in order to save a case that was lost except by the use of perjured testimony. The trial judge rejected all of this offered evidence on an objection made by plaintiff. This ruling is complained of as constituting prejudicial error. █ There can be no question that where a party to an action has changed his testimony, the circumstances under which that change was made are admissible in evidence to explain and characterize his action in so doing, so as to enable the jury to judge whether the change was due to mere inadvertence or was part of a deliberate scheme of perjury. █ Here, however, defendant was permitted on the cross-examination of plaintiff to introduce his evidence given at the former trial and comment thereon, and he was afforded every opportunity to point out the departure in his testimony. It was for the jury to say how such departure affected his testimony. The trial judge was of the opinion, as indicated by his ruling on the motion for a nonsuit, that the testimony given at the second trial did not conflict with plaintiff's former testimony, but amounted to nothing more than additional thereto. █ The judgment on the former appeal was an unqualified reversal. This left the case at large and the parties were placed in the same position as if it had never been tried, and plaintiff was afforded the right to introduce any additional or new evidence upon the issues raised. Having offered new evidence, the law of the case, as declared on the former appeal, had no application, and therefore the decision on the former appeal had no force and was properly excluded. (2 Cal. Jur., p. 1044; *Central Sav. Bank of Oakland* v. *Lake*, 201 Cal. 438 [257 Pac. 521].) It was for the jury to determine the truth or falsity of the new evidence, it being the exclusive judge of the credibility of the witness. █ The doctrine of the law of the case has no application

or binding force where facts as here, are essentially different. (2 Cal. Jur., p. 950, sec. 557.) Nor is there any merit in the claim that the exclusion in evidence of the statement of counsel, in his brief before the Supreme Court when seeking a transfer, that the decision of the appellate court precluded plaintiff from making any recovery in the action, constitutes error. It was but the conclusion of counsel, and not an admission during the trial of a cause as would preclude plaintiff from offering new and additional testimony upon the occasion of a second trial. (*Adelstein* v. *Greenberg,* 77 Cal. App. 548, 552 [247 Pac. 520].)

 Appellant further claims that the testimony of two new witnesses who testified concerning the accident was untrustworthy. We see nothing in their evidence which justifies this conclusion. However, the jury was the judge of their credibility.

The plaintiff suffered serious injury and no claim is here made that the verdict is excessive. No other reasons than those we have considered are advanced for a reversal of the judgment.

From what we have said it follows that the judgment should be and it is hereby affirmed.

Knight, J., and Cashin, J., concurred.