[Civ. No. 19197.   Second Dist., Div. Three.   Jan. 13, 1953.]

THOMAS E. GREEN, Appellant, v. JAMES O. BROWN et al., Respondents.

Jefferson & Jefferson, Bernard S. Jefferson and Martha Malone Jefferson for Appellant.

Oscar S. Elvrum for Respondents.

SHINN, P. J.—This case arose out of a controversy over the title and possession of a residential property in Los Angeles which is now and for a number of years has been occupied by the plaintiff Green and the defendants Mr. and Mrs. Brown.   Green appealed from an earlier judgment, which was reversed by the Supreme Court without qualification.   (*Green* v. *Brown,* 37 Cal.2d 391 [232 P.2d 487].)   When the case came on for trial after the reversal, defendants made a motion for judgment based upon the decision of the Supreme Court.   The court denied the motion but without taking any evidence or making findings entered a judgment. Plaintiff appeals.

A brief outline of the nature of the issues will suffice as the framework of our decision.   Green claims a life estate

in the property and the right of possession by virtue of a reservation in a deed by himself and his wife, now deceased, to Mr. and Mrs. Brown, the latter, a daughter of Mrs. Green. The Browns claim the right to occupy the property as their home under an oral agreement with Mr. and Mrs. Green and that under another oral agreement with Mr. Green his use of the premises is limited to two rooms in which he has been living. They claim that these oral agreements became binding upon the Greens by reason of certain acts and conduct of the parties which constituted partial performance and foreclosed Green from questioning the validity of the agreements upon the ground they were not in writing. The situation became further involved when Green remarried. The Browns claim that he promised that if he remarried he would not bring his new wife to the home and they deny that she has any right to be there. The Browns assert by way of estoppel that the oral agreements, upon which they rely, were the reason for their expending some $4,000 in paying off a trust deed indebtedness which existed at the time they received their deed, and in making improvements on the property. All this and more appears from the full discussion of the case in the opinion of the Supreme Court.

When the case came on for trial there was an extended hearing in which, by the employment of an abbreviated procedure, disposition of the cause was greatly accelerated. Defendants made a motion for judgment on the ground that if the judgment at the first trial had read the same and had been in the "form and manner" as the one they were presenting with their motion, it would have been affirmed by the Supreme Court. They argued that the facts, which had been in dispute, were settled by the Supreme Court's opinion. Plaintiff throughout the hearing insisted that all issues of fact must be retried. No stipulation as to the facts was entered into and no evidence was offered or received. No reference to or use was made of the evidence given at the former trial. The court agreed with the legal theories of the defendants and although it denied their motion for judgment it entered judgment in their favor at the close of the argument.

The judgment, by way of introductory recital reads in part: "Now, in accordance with other appropriate proceedings and pursuant to findings of fact and conclusions of law hereinbefore prepared, served, approved, filed herein and reviewed by the Supreme Court in its opinion filed in the

above entitled cause, the above entitled Court, under its interpretation of said Supreme Court's opinion, and under its ruling with reference to clarifying the issues that are involved, and limiting under its ruling an interpretation of said opinion. . . . IT IS HEREBY ORDERED'' etc. It is unnecessary to state the terms of the judgment further than to say that it was based upon facts not tried or determined and it gives effect to the alleged. oral agreements between the parties, thereby sustaining the claims of oral agreements, part performance and estoppel upon which the defendants relied. However, the judgment while awarding plaintiff a right to the use of an undivided one-half interest in the property, purported to deprive him of his life estate therein.

On the former appeal the judgment was reversed without directions. ▇ An unqualified reversal remands the cause for a new trial and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable. (*Central Sav. Bank of Oakland* v. *Lake,* 201 Cal. 438 [257 P. 521]; 4 Cal.Jur.2d 589.) ▇ Upon the trial of a question of fact findings must be made unless they are waived. (Code Civ. Proc., § 632.)

From statements made at the hearing it appears that the parties and also the present Mrs. Green are living in the home. We feel impelled to remark that after more than three years of litigation, in which Mr. Green's life estate has been established, the more profitable course for the parties to pursue would be to compose their differences. We can do nothing but reverse the judgment for continuance of the litigation, if the parties are not so wearied of it that they will agree upon a final judgment to be entered.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 12, 1953.