[Civ. Nos. 20992, 20993. Second Dist., Div. Three. Jan. 30, 1956.]

EVELYN WEIGHTMAN, Appellant, v. GEORGE H. HADLEY, JR., as Administrator, etc., Respondent.

[Two Cases]

Dolley, Knight & Jessen and Arthur B. Knight for Appellant.

Walter M. Gleason, Norman J. Ronald and Prentiss Moore for Respondent.

VALLÉE, J.—Plaintiff brought this action against George H. Hadley, Sr., for rescission of a sale of an interest in an oil lease and corporate stock to Hadley; for a money judgment against Hadley; and to establish interests in oil leases under an alleged joint venture. The issues involved: (1) a bonus received by Hadley under the "Richardson" lease; (2) rescission for fraud of a sale of an interest in the "Stone" lease; (3) proceeds of the sale of and a dividend on stock in Norris Oil Company; (4) an interest in an oil lease from Norris Oil Company to Hadley; and (5) an interest in a purported lease of part of the "Russell Ranch."

The cause was tried and judgment rendered for plaintiff. Hadley appealed from the judgment. On appeal the judgment was reversed *without order or direction.* (*Weightman* v. *Hadley,* 113 Cal.App.2d 598 [248 P.2d 801].) Since the reversal, Hadley died and the administrator of his estate has been substituted in his place.

After the remittitur was filed in the superior court defendant filed a motion "for an order that plaintiff is not

entitled to any new or further trial, or in the alternative, an order limiting the issues and fixing the order of proof," and a motion for judgment on the pleadings. Plaintiff filed a motion to tax costs on appeal. The three motions came on for hearing at the same time. At the first hearing on the motions counsel stipulated "that in considering the motions above mentioned, the trial judge could read and duly consider the record on appeal for the purpose of deciding such motions." At a later hearing, also on the motions, "the Court informed the parties that it had read the record on appeal and was familiar with all of the evidence." At this hearing plaintiff made a motion for an order permitting inspection of the 1947 federal income tax return of Hadley, Sr. Also at this hearing plaintiff waived and abandoned all claims against defendant except (1) her claim to a one-third interest in the Stone lease and royalties and bonus incidental thereto, and (2) her claim to a share of the bonus paid Hadley, Sr., in connection with the Richardson lease. Defendant stipulated that plaintiff was entitled to judgment for $4,995.92, being part of the bonus received by Hadley, Sr., in connection with the Richardson lease. The various motions were argued extensively and plaintiff's counsel made a statement of the new evidence which he desired to present. The court then indicated it was of the opinion plaintiff had not been defrauded. Counsel for plaintiff was then granted leave to file a written offer of proof for the purpose of having the court consider the same "before ruling on the aforesaid motion by the defendant." A written offer of proof was later filed.

Several hearings on the motions were had thereafter. On February 16, 1954, without any trial of the issues with respect to the Stone lease, the court ordered defendant to prepare and submit proposed findings of fact and conclusions of law in favor of defendant except as to half of the bonus paid on the Richardson lease. Plaintiff thereupon "requested and was granted permission to file a further memorandum of points and authorities in support of her contention that no judgment should be entered prior to the time witnesses had been called and exhibits had been introduced into evidence."

The motions came on for hearing again on May 13, 1954, at which time counsel for defendant made a motion for a judgment of nonsuit "on all of the grounds we have heretofore urged in the matter." Judgment followed granting the motion of defendant for a judgment of nonsuit "as to all issues and matters in this cause outstanding" and in favor

of plaintiff for $7,108.40 in connection with the Richardson lease.[1] Plaintiff appeals from that part of the judgment granting defendant's motion for a judgment of nonsuit. Plaintiff also appeals from an order which the court made after the judgment was entered.

### The Appeal from Part of the Judgment

Plaintiff contends she was entitled to a trial with respect to the issue as to the interest in the Stone lease, that she was denied a trial, hence the court erred in rendering judgment against her. We have concluded that on the record plaintiff's position is well taken.

On the prior appeal the judgment was reversed without further order or direction. The effect of an unqualified reversal is to remand the cause for a new trial. (*In re Kling,* 48 Cal.App. 739, 741 [192 P. 453].) The rule governing a trial court in such event is stated in *Erlin* v. *National Union Fire Ins. Co.,* 7 Cal.2d 547 [61 P.2d 756]:

"The effect of the reversal of a judgment by this court without further order or direction to the trial court is the sole question presented by this appeal.

"Plaintiff recovered judgment in the superior court. The defendant appealed and this court reversed the judgment. (*Erlin* v. *National Union Fire Ins. Co.,* 217 Cal. 374 [18 P.2d 660].) Plaintiff thereafter brought the case on for trial in the superior court, which refused to hear it. The judgment entered for the defendant recites: 'that the Supreme Court of the State of California did not intend to grant said plaintiff and did not intend that this Court should grant to said plaintiff a new or retrial of said action.' . . .

" [P. 548.] The statement by this court in its opinion upon the former appeal that 'on the merits the plaintiff is not entitled to recover' could only refer to evidence then before the court. The reversal of the judgment was unqualified, that is to say, without direction to the trial court. Such a reversal remands the case for a new trial and places the parties in the same position as if the case had never been tried. (*Central Sav. Bank* v. *Lake,* 201 Cal. 438, 443 [257 P. 521] ; *Monson* v. *Fischer,* 219 Cal. 290, 291 [26 P.2d 6].) Of course, upon a retrial the decision of the appel-

---

[1]Defendant's motion for judgment on the pleadings was not ruled on; the court deeming a ruling unnecessary. Plaintiff's motion for inspection was denied. Counsel inform us that the motion to tax costs on appeal was ruled on at a later time. That ruling is not before us.

late court becomes the law of the case upon the facts as then presented. But that law must be applied by the trial court to the evidence presented upon the second trial. █ 'It is settled beyond controversy that a decision of this court upon appeal, as to a question of fact, does not become the law of the case.' (*Mattingly* v. *Pennie,* 105 Cal. 514, 517 [39 P. 200, 201, 45 Am.St.Rep. 87].)

"Section 4½ of article VI of the Constitution can have no application to the present situation. This court cannot say what evidence the plaintiff may produce upon another trial. Upon the reversal of the judgment in his favor he became entitled to a new trial and the opportunity to present evidence in support of the allegations of his complaint." We find no divergence in the authorities on these points. The rule has been such since an early day in the history of this state. (*Stearns* v. *Aguirre* (1857), 7 Cal. 443, in which proceedings were had somewhat similar to those had in the case at hand.) █ The consequence of a simple reversal is that the parties in the trial court have the same rights which they originally had. (*Heidt* v. *Minor,* 113 Cal. 385, 388 [45 P. 700].) The cause is at large for readjudication of all issues involved in the case. (*De Hart* v. *Allen,* 26 Cal.2d 829, 833 [161 P.2d 453].)

*Glassell* v. *Hansen,* 149 Cal. 511 [87 P. 200], was an action to recover what the plaintiffs claimed was "made land" resulting from alluvial deposits. The defendants' position was that the new land was an island. The trial court found in accordance with the defendants' contention and rendered judgment accordingly. The plaintiffs appealed. The Supreme Court held (p. 513) "that the trial court was right in finding that the land in contest outside of the calls of the original patent of the Toland ranch was an island, and did not belong to plaintiffs by accretion, but that the court erred in not giving plaintiffs judgment for a strip of land described in the complaint which was not part of the island; and for this latter reason the judgment and order denying a new trial were reversed." When the case came on for a second trial "the plaintiffs offered to introduce evidence tending to support their original claim that said made land consisted of accretions to the said mainland but the court refused to allow them to introduce such evidence upon the ground that the judgment of this court on the first appeal had finally determined that the new or made land in the river was an island and not formed by accretions to the mainland

owned by plaintiffs.'' On appeal from the judgment for the defendants after the second trial the court said (p. 513):

''This ruling was clearly erroneous. On that appeal [the first] this court merely held, as matter of law, that if the land was an island with its accretions, and was not made by accretions from the mainland, then it did not belong to plaintiffs, and that on the said first trial, the evidence justified the finding of the lower court that the land was an island. But the court reversed the judgment and order denying a new trial upon another ground,—namely, that there appeared to be a small strip of land included in the complaint and belonging to plaintiffs which was not part of the island, that the court had not found that the defendant was not in possession of that strip, and that therefore the judgment and order must be reversed. In reversing the case this court might have directed what issues should again be tried, and what should be deemed finally settled by the first trial; however, it did not do so, and the judgment was merely in the general terms 'the judgment and order are reversed.' This clearly left the whole case to be tried anew, as if it had not been tried before. (*Falkner* v. *Hendy,* 107 Cal. [49] 54 [40 P. 21, 386], and cases there cited.) Of course, the law of the case was settled to be that islands formed in the beds of rivers belong to the state, and not to the owners of land fronting on the river bank; but the question whether or not the land in contest in the case at bar was an island or was formed by accretions from the mainland was as fully at issue at the second trial as at the first.'' The court then quoted from offers of proof made by the attorney for the plaintiffs and discussions between court and counsel at the second trial, and continued (p. 515):

''There were further offers and discussions similar to the preceding, and the court sustained objections to the testimony. The foregoing shows, we think, very clearly that the court excluded evidence as above stated, and the effect of the ruling was not changed because afterwards plaintiffs were allowed to introduce evidence tending to show that 'if the land grows both ways from the land side and from the island side,' a certain part of the land in contest was comprised of accretions from the land side. Plaintiffs should have been allowed to show, if they could, that all the land in the river in front of their land was formed by accretions from their land.''

*Heinfelt* v. *Arth*, 4 Cal.App.2d 381 [41 P.2d 191], an action to collect a real estate commission, is similar to the present case. On the first trial the court found the plaintiffs were not licensed real estate brokers at the time the cause of action arose, and rendered judgment for the defendant. The judgment was reversed on appeal without order or direction. Thereafter the plaintiffs moved the court to make findings of fact and conclusions of law in accordance with the prayer of the complaint and for judgment in their favor on the ground that "under the evidence and the conclusions and findings of this Court in said action" and the decision on appeal, "plaintiffs are entitled to judgment as prayed for." Thereafter, and without a retrial, "findings of fact and conclusions of law were filed, in which it was found that all of the allegations of the complaint are true and all of the denials set out in the answer are untrue" and a judgment was entered in favor of the plaintiffs. The defendant appealed from that judgment. The judgment was reversed, the court holding the defendant was entitled to a retrial of the action. (See also *Mitchel* v. *Brown*, 78 Cal.App.2d 58 [176 P.2d 957]; *Green* v. *Brown*, 115 Cal.App.2d 317 [251 P.2d 1007].)

██ We think that when it is said an unqualified reversal "remands the case for a new trial,"[2] it means a new trial as defined by section 656 of the Code of Civil Procedure, i.e., "a re-examination of an issue of fact." Quoting section 656, the court in *Gray* v. *Cotton*, 174 Cal. 256 [162 P. 1019], said (p. 258):

"This refers, of course, to the trials and decisions of the issues of fact in the civil actions and proceedings embraced in the preceding code provisions, issues raised by ordinary pleadings, and it has no reference to decisions of questions of fact on motions."

*Riley* v. *Loma Vista Ranch Co.*, 5 Cal.App. 25 [89 P. 849], was an action to recover the value of hay. A judgment for one of the defendants, a corporation, was reversed on appeal without order or direction on the ground the findings were not justified by the evidence. After remand plaintiff, having recovered against the other defendants, moved for judgment against the corporation defendant, which the court granted, the order reciting that the cause came on to be heard on plaintiff's motion for judgment against defendant corporation on

---

[2] *Erlin* v. *National Union Fire Ins. Co.*, 7 Cal.2d 547 [61 P.2d 756].

remittitur from the court of appeals, and it appearing to the court that all questions of fact were finally adjudicated by the judgment against the other defendants, and, good cause being shown therefor without objection, it was ordered that judgment be rendered against the corporation. On appeal from the latter judgment the court declared (p. 26):

"The effect of this reversal was to award to the parties a new trial of the case. [Citations.]

"The position occupied by the parties was identically the same under this reversal as though no trial had ever been had. 'A new trial is a re-examination of any issue of fact in the same court after a trial and decision by a jury or court, or by referees.' (Code Civ. Proc., § 656.) They were left free to make such proper amendments to the pleadings as the trial court might allow, and upon the trial to introduce any and all competent evidence. The case was before the court for trial de novo. (*Heidt* v. *Minor,* 113 Cal. 385 [45 P. 700].)

"It appears that no trial within the meaning of said section 656, Code of Civil Procedure, was ever had. The judgment from which the appeal is taken recites that the cause came on to be heard 'on plaintiff's motion for judgment against defendant Loma Vista Ranch Company, a corporation, upon *remittitur* from the district court of appeals'; that the parties were present in court by counsel; the rendition of the former judgment; motion for new trial and order denying same, and that on appeal the same was reversed; and 'it appearing to the court that all questions of fact in said cause were determined and finally adjudicated by judgment heretofore entered against W. W. Howard and W. L. Riley, and good cause being shown therefor, and no objection being made thereof, it is ordered,' etc. It thus appears that there was an entire absence of the procedure necessary in a re-examination of the issues of fact joined by the pleadings. No findings were made, and in view of the recitals in the judgment, we cannot, in aid thereof, indulge in the presumption that they were waived. (*People* v. *Forbes,* 51 Cal. 628.) The findings made upon the former trial were brought up in the transcript, but the facts then found by the court supported, not this judgment, but the former judgment, and embodied the decision, which this court then held was not justified by the evidence.

"The fact that counsel for appellant did not object to the procedure cannot be construed as consent thereto. Failure

to object was not a waiver of its rights to appeal from any erroneous order or judgment. . . .

"[P. 28.] It is apparent that the judgment was rendered through misapprehension and inadvertence of both the respondent and the court, and that counsel for appellant did not conceive that the interest of their client demanded that they enter any objection to the procedure." The judgment was reversed and the cause remanded for a new trial.

By the reversal in the case at bar plaintiff was afforded the right to introduce any evidence on the issue involved, not only the evidence introduced at the prior trial but also any additional and new evidence. (*Sichterman* v. *R. M. Hollingshead Co.*, 117 Cal.App. 504, 506 [4 P.2d 181].) She was not afforded that right.

The proceedings below never went beyond the motion stage. The matters before the court were the motions only. The cause was not called for trial. The trial did not commence in the sense contemplated by the phrase "the cause is remanded for a retrial" in case of an unqualified reversal— i.e., when the opening of the case on the merits is ready to begin. There was no trial on the merits. It was not stipulated at any time that the record of the proceeding at the former trial be used by the court on a retrial of the cause.[3] The statements made by counsel for plaintiff at the hearings on the motions cannot be construed as an opening statement within the meaning of section 581c of the Code of Civil Procedure, authorizing the granting of a motion for a judgment of nonsuit on the completion of an opening statement. The statements were made in argument, discussion, and colloquy with the court in opposition to defendant's motions. They were not made as an opening statement at the commencement of a trial to prepare the mind of the court "to follow the evidence and to more readily discern its materiality, force and effect." (*People* v. *Arnold*, 199 Cal. 471, 486 [250 P. 168].) Nor may the offers of proof made by counsel for plaintiff be treated as offers of proof on retrial of the cause. They were made solely in opposition to defendant's motions. The written offer of proof concluded with this statement:

---

[3]The judgment recites:

"It was further stipulated by the parties that the Court, *in its consideration of said motion*, should have the right to read and consider the entire Reporter's Transcript of the first trial, including any exhibits introduced at the first trial; which said transcript and exhibits were thereupon duly offered to and received by the Court for said purposes." (Emphasis added.)

"[P]laintiff respectfully requests that she be permitted to present the evidence above offered at a retrial of this action." Confusion below is manifest from the fact that the court, without ruling on the motions, ordered counsel for defendant to prepare findings of fact and conclusions of law in defendant's favor,[4] and then several months later entertained and granted the motion for a judgment of nonsuit.[5]

Defendant's brief in large part is devoted to a discussion of the evidence at the former trial and the doctrine of the law of the case in an effort to apply the doctrine to that evidence. The doctrine has no application to the case presented on the record. ■ The law of the case consists in the propositions of law actually decided and applicable to the facts in judgment. It only applies when, upon a subsequent trial, the issues and facts found remain substantially the same, and has no application where the facts alleged and found are materially different from those considered on a former appeal. (*Heidt* v. *Minor,* 113 Cal. 385, 391 [45 P. 700].) ■ The doctrine is applied only to the principles of law laid down by the court on appeal as applicable to a retrial of fact. (*Moore* v. *Trott,* 162 Cal. 268, 273 [122 P. 462].) Insofar as the former decision related to the effect of the evidence or the findings on the former trial there can be no application of the doctrine until the facts have been elicited on a retrial. ■ The doctrine not only does not apply to new and additional evidence, it does not apply when explanation of previous evidence appears in the later trial. (*Weaver* v. *Shell Co.,* 34 Cal.App.2d 713, 717 [94 P.2d 364].)

In complete disregard of the rules which govern a trial

---

[4]Prior to ordering preparation of findings, the trial judge had said: "I think it is clear under the precedents in this State that the trial court is without authority to refuse a further trial, but I do think the court has the authority to limit the evidence it will receive."

The court at this point also said that on a retrial, "I may weigh the credibility of witnesses with respect to new evidence, but not their credibility with respect to testimony they gave at the first trial." This view is erroneous. (See *Sichterman* v. *R. M. Hollingshead Co.,* 117 Cal.App. 504 [4 P.2d 181].)

[5]Counsel for defendant said: "In order to avoid any technical problems on such phase we instead of preparing findings resorted to this proposal by way of judgment of nonsuit and at this juncture, your Honor, and in order that there may be no question as to the state of the record on the matter I would like to formally move now again for a judgment of nonsuit on all of the grounds we have heretofore urged in the matter."

No grounds had theretofore been urged as a basis for a judgment of nonsuit.

court on a motion for judgment of nonsuit,[6] defendant argues that on all the evidence before the court on the prior trial the granting of his motion was proper. The argument is entirely beside the point not only because the action was not brought to trial after the reversal, but also because it is an argument predicated on all the evidence at the prior trial rather than on plaintiff's evidence and the reasonable inferences therefrom.

Nothing that counsel for plaintiff said at the hearings on the motions was an admission during the trial of a cause as would preclude plaintiff from offering new and additional evidence on a second trial. (*Cf. Sichterman* v. *R. M. Hollingshead Co.*, 117 Cal.App. 504, 507 [4 P.2d 181].) Counsel for plaintiff repeatedly stated to the court that his client was entitled to a retrial, to call witnesses, and to introduce evidence including new and additional evidence; and argued at length in support of his position.

Plaintiff's right to a retrial was not defeated by anything that took place on the hearings of the motions. It would appear from the record that the court below took the view that by the decision on the former appeal, the court finally determined the case on the merits and that no new or additional evidence that might be introduced would change the result. As we have seen, that view is erroneous. On another trial additional proof may be supplied on points with respect to which it may have been held to have been lacking by the prior decision.

### *The Appeal from the Order Made After Judgment*

Richfield Oil Corporation was one of the original defendants in the action. It was sublessee under an oil sublease from Hadley, Sr., with respect to the one-third interest then held by him in the Stone lease. Richfield filed a cross-

---

[6] "'A motion for nonsuit may properly be granted ''. . . when, and only when, *disregarding conflicting evidence*, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff.'' [Citations.] ''Unless it can be said as a matter of law, that . . no other reasonable conclusion is legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, or the trial court to set it aside as a matter of law, the trial court is not justified in taking the case from the jury.'' (*Estate of Lances*, 216 Cal. 397, 400 [14 P.2d 768]; see also *Raber* v. *Tumin*, 36 Cal.2d 654, 656 [226 P.2d 574].)' '' (*Seneris* v. *Haas*, 45 Cal.2d 811, 821 [291 P.2d 915].)

complaint in which it asked leave of court to pay the royalties then due and to become due under the sublease into court. Leave was granted and an order was made directing Richfield to pay the royalties to the county clerk until otherwise ordered, and directing the county clerk to receive and hold them subject to further direction. After the judgment was entered granting defendant's motion for a judgment of nonsuit, the court, without notice to plaintiff, made an order directing that out of the $66,568.83 then on deposit the county clerk pay $52,568.83 to defendant, and that after the taxing of costs the balance of $14,000 be paid to defendant, and that Richfield no longer be required to deposit the royalties with the clerk. Plaintiff appeals from this order. Since, as we have held, the court erred in rendering the judgment of nonsuit, it is obvious it was error to release the deposited funds to defendant.

The part of the judgment appealed from (in No. 20992) and the order made after judgment (in No. 20993) are reversed.

Wood (Parker), Acting P. J., and Nourse (Paul), J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.