[No. B075160. Second Dist., Div. Seven. Oct. 20, 1993.]

EDGAR GUZMAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GEUNHO LEE et al., Real Parties in Interest.

COUNSEL

Joseph M. Fredrics and Ellen Hammill Ellison for Petitioner.

No appearance for Respondent.

Selman, Breitman & Burgess, Craig R. Breitman and Ramon Z. Bacerdo for Real Parties in Interest.

## OPINION

**WOODS (Fred), J.—** ■ When a trial court orders a new damages trial, may the plaintiff designate new expert witnesses? Our answer is yes. Accordingly we grant petitioner's application for a writ of mandate.

### PROCEDURAL BACKGROUND

On March 20, 1989, petitioner, while detained by a Bargains Unlimited employee, was injured. He sued real parties in interest (RPI) for assault, battery, and negligence.

Prior to trial, pursuant to Code of Civil Procedure section 2034, the parties exchanged "information concerning each other's expert trial witnesses."

(Code Civ. Proc., § 2034, subd. (a).) Petitioner designated two experts, Drs. Mark Greenspan and Karl Epstein, both orthopedic surgeons. Thereafter, petitioner moved to augment his expert witness list but the trial court denied the motion.

Trial began September 18, 1992. Petitioner called his treating physician but did not call either designated expert, the orthopedic surgeons. The jury returned a verdict for petitioner: $650,000 reduced 10 percent by petitioner's negligence to the sum of $585,000.

On December 4, 1992, the trial court conditionally granted RPI's motion for a new trial. If petitioner accepted a reduction of compensatory damages to the sum of $250,000, the motion would be denied. If petitioner rejected the reduction, a new damages trial would be granted. Petitioner rejected the reduction and a new damages trial was set for June 7, 1993.

Well before the new trial date, on April 23, 1993, petitioner filed a motion seeking to designate new expert witnesses. On May 5, 1993, after an unreported hearing, the trial court denied the motion. Petitioner applied for a writ of mandate and a stay of the trial. On May 14, 1993, this court issued an order denying the petition.

On June 24, 1993, our Supreme Court granted a petition for review and transferred the matter to this court with directions to vacate our May 14, 1993, order and to issue an alternative writ. We did so on July 6, 1993.

We heard argument from the parties on October 14, 1993.

### DISCUSSION

Code of Civil Procedure section 656 defines a new trial as "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee."

In construing the effect of an order granting a new trial our appellate courts have been consistent. *Riley* v. *Loma Vista Ranch Co.* (1907) 5 Cal.App. 25, 27 [89 P. 849] stated the effect was "as though no trial had ever been had . . . and upon the trial to introduce any and all competent evidence. The case was before the court for trial *de novo*." *Sichterman* v. *R.M. Hollingshead Co.* (1931) 117 Cal.App. 504, 506 [4 P.2d 181] observed the effect "left the case at large and the parties were placed in the same position as if it had never been tried, and *plaintiff was afforded the right to introduce any additional or new evidence* upon the issues raised." (Italics

added.) *Weightman* v. *Hadley* (1956) 138 Cal.App.2d 831, 840 [292 P.2d 909] noted that ". . . plaintiff was afforded the right to introduce any evidence on the issue involved, not only the evidence introduced at the prior trial *but also any additional and new evidence.*" (Italics added.)

Neither section 656 nor our appellate decisions distinguish between the different ways a new trial may come about. Whether by appellate reversal of a judgment, as in *Riley, Sichterman,* and *Weightman,* or by the trial court granting a new trial motion, the effect is the same: "a re-examination of an issue of fact."

Here the issue of fact is damages. The trial court found insufficient evidence of damages because no expert witness linked petitioner's belated thumb injury to his initial broken arm. But to order a new trial for this deficiency and then prohibit its remedy—by preventing petitioner from calling expert witnesses—is an unwarranted catch-22. We find nothing in Code of Civil Procedure section 2034 which requires such a circular result.

Where, as in the instant matter, petitioner sought to designate expert witnesses well before the new trial, affording RPI ample time to depose those witnesses, it was an abuse of discretion for the trial court to deny petitioner's request. (See *Dickison* v. *Howen* (1990) 220 Cal.App.3d 1471, 1479 [270 Cal.Rptr. 188].)

### Disposition

The application for a writ of mandate is granted. The trial court is directed to vacate its May 5, 1993, order denying petitioner's request to designate new expert witnesses and to issue a new order granting the request.

Costs in this writ proceeding are awarded to petitioner.

Lillie, P. J., and Johnson, J., concurred.