[No. D036354. Fourth Dist., Div. One. Oct. 25, 2001.]

LUIS ARENAS, Plaintiff and Respondent, v.
SAN DIEGO COUNTY BOARD OF SUPERVISORS et al., Defendants
and Appellants.

## Counsel

John J. Sansone, County Counsel, and C. Ellen Pilsecker, Deputy County Counsel, for Defendants and Appellants.

San Diego Advocates for Social Justice, Rosemary Bishop; Legal Aid Society of San Diego, Inc., and Anne E. Menasche for Plaintiff and Respondent.

## OPINION

**BENKE, J.**—The Board of Supervisors of San Diego County, the San Diego County Health and Human Services Agency and Robert Ross, M.D. (collectively the County), appeal a judgment in favor of Luis Arenas after the court granted his petition for writ of mandate. (Code Civ. Proc., § 1085.) The court invalidated a County ordinance that bars all persons convicted of drug-related felonies from obtaining general relief benefits, on the ground the exclusion conflicts with state law to the extent it applies to persons who are not ineligible for California Work Opportunity and Responsibility to Kids Act (CalWORKS) benefits and who are not members of families with dependent children receiving aid under the CalWORKS program. (Welf. & Inst. Code,[1] §§ 11251.3, 17001, 17021.5.) We affirm the judgment.

### BACKGROUND

In 1996 the Personal Responsibility and Work Opportunity Reconciliation Act, popularly known as the Welfare Reform Act, was enacted by Congress and signed into law. (Pub.L. No. 104-193 (Aug. 22, 1996) 110 Stat. 2105; *In re Cervantes* (9th Cir. 2000) 219 F.3d 955, 958, fn. 5.) The Welfare Reform Act "terminated Aid to Families with Dependent Children . . . , the federal program which had long provided cash assistance to poor families, and replaced it with Temporary Aid to Needy Families ('TANF'). Under TANF, each state receives a predetermined block of funding to distribute as the state sees fit." (*Walton v. Hammons* (6th Cir. 1999) 192 F.3d 590, 591; 42 U.S.C.A. § 601 et seq.)

The Welfare Reform Act disqualifies persons convicted of certain drug-related felonies on or after August 22, 1996, from receiving benefits under the federal food stamp program or the TANF program. (21 U.S.C.A. § 862a (a), (d)(2).)[2] This provision "was an attempt to address what many members of Congress regarded as increasing and costly incidences of fraud in the food stamp program." (*Turner v. Glickman* (7th Cir. 2000) 207 F.3d 419, 423.)

In 1997 the Legislature enacted the CalWORKS program, through which TANF block grants are administered. (§ 11200 et seq.) Under section

---

[1]Statutory references are to the Welfare and Institutions Code except where otherwise specified.

[2]Title 21 United States Code Annotated section 862a (a)(1) provides in relevant part: "An individual convicted (under Federal or State law) of any offense which is classified as a felony . . . and which has as an element the possession, use, or distribution of a controlled substance . . . shall not be eligible for— [¶] (1) assistance under any State program funded under part A of title IV of the Social Security Act [42 U.S.C.A. § 601 et seq.]." A state, however, has discretion to exempt recipients from this disqualification. (21 U.S.C.A. § 862a (d)(1).)

11251.3, subdivision (a), a person convicted of a drug-related felony on or after December 31, 1997, is ineligible for CalWORKS aid.[3] The Legislature also added section 17012.5, which provides: "An individual *ineligible for aid* under Chapter 2 (commencing with Section 11200) of Part 3 *pursuant to Section 11251.3, who is a member of an assistance unit receiving aid under that chapter,* shall also be ineligible for non-health-care benefits," i.e., general relief benefits under section 17000. (Italics added.)

In 1998 the County adopted an ordinance amending section 257.1 of its Administrative Code to read as follows: "Notwithstanding the provisions of section 257 [of the Administrative Code], the General Relief Program shall not be used to provide assistance to *any individual* [regardless of whether the individual is ineligible for CalWORKS benefits under § 11251.] who— [¶] . . . [¶] (d) has been convicted of a felony committed after August 22, 1996 for possession, use or distribution of illegal drugs." (San Diego County Admin. Code, § 257.1, italics added.)

In 1999 the County denied Arenas, a single man, general relief benefits because he was convicted of a drug-related felony after August 22, 1996. Arenas filed a petition for writ of mandate, alleging that section 257.1 of the San Diego County Administrative Code conflicts with Welfare and Institutions Code sections 17000 and 17012.5 insofar as it denies general relief benefits to persons who are not members of families of dependent children receiving CalWORKS aid, and who are not ineligible for CalWORKS aid under Welfare and Institutions Code section 11251.3. The trial court granted the petition and issued a writ of mandate requiring the County "to amend [its] ordinance and regulations to provide that an otherwise qualified individual with a drug related felony not be barred from receiving General Relief benefits unless the individual is a member of an assistance unit receiving CalWORKS benefits, and the conviction occurred after December 31, 1997." Judgment was entered for Arenas on August 31, 2000.

DISCUSSION

I

*Standard of Review*

■ " 'The standard of judicial review of agency interpretation of law is the *independent judgment* of the court, giving *deference* to the determination of the agency *appropriate* to the circumstances of the agency action.'

---

[3]Section 11251.3, subdivision (a), provides: "An individual shall be ineligible for aid under this chapter if the individual has been convicted in state or federal court after December 31, 1997, including any plea of guilty or nolo contendere, of a felony that has as an element the possession, use, or distribution of a controlled substance . . . ."

[Citation.]" (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 8 [78 Cal.Rptr.2d 1, 960 P.2d 1031].) "[T]he binding power of an agency's *interpretation* of a statute or regulation is contextual: Its power to persuade is both circumstantial and dependent on the presence or absence of factors that support the merit of the interpretation." (*Id.* at p. 7.) ▮ A de novo standard applies to our review of the trial court's issuance of the writ of mandate. (*Pomona Police Officers' Assn. v. City of Pomona* (1997) 58 Cal.App.4th 578, 583-584 [68 Cal.Rptr.2d 205].)

## II

### *County Ordinance*

▮ The County cursorily asserts the judgment must be reversed because it had the discretion under section 17001 to adopt the ordinance in question, and the ordinance is consistent with the state statutory scheme and legislative intent. We are unpersuaded.

▮ "Section 17000 imposes upon counties a mandatory duty to 'relieve and support all incompetent, poor, indigent persons, and those incapacitated by age, disease, or accident,' when those persons are not relieved and supported by some other means. [Citation.] In the last several decades many specialized relief programs have been enacted to support indigent individuals, but section 17000 'creates "the *residual* fund" to sustain indigents "who cannot qualify . . . under any specialized aid programs." [Citations.]' [Citation.]" (*Hunt v. Superior Court* (1999) 21 Cal.4th 984, 991 [90 Cal.Rptr.2d 236, 987 P.2d 705], fn. omitted.)

"Section 17001 requires each county to 'adopt standards of aid and care for the indigent and dependent poor.'" (*Hunt v. Superior Court, supra,* 21 Cal.4th at p. 991, fn. omitted.) This provision "confer[s] upon the county a broad discretion 'to determine eligibility for, the type and amount of, and conditions to be attached to indigent relief.' [Citations.] [¶] This discretion, however, can be exercised only within fixed boundaries. . . . When a statute confers upon a state agency the authority to adopt regulations to implement, interpret, make specific or otherwise carry out its provisions, the agency's regulations must be consistent, not in conflict with the statute, and reasonably necessary to effectuate its purpose. [Citation.]" (*Mooney v. Pickett* (1971) 4 Cal.3d 669, 678-679 [94 Cal.Rptr. 279, 483 P.2d 1231].) ". . . '[D]espite the counties' statutory discretion, "courts have consistently invalidated . . . county welfare regulations that fail to meet statutory requirements. [Citations.]" [Citation.]' [Citation.]" (*Hunt v. Superior Court, supra,* 21 Cal.4th at pp. 991-992.)

▮ The County contends the ordinance is a proper exercise of its discretion because in enacting section 11251.3 the Legislature demonstrated

a "strong position of intolerance for substance abuse particularly among welfare recipients." Section 11251.3, however, applies only to applicants for CalWORKS aid. Moreover, the legislative history materials on which the County relies explain that sections 11251.3 and 17012.5 "are consistent with the Governor's strong position of intolerance for substance abuse particularly among welfare recipients *and when it endangers the well being of children.* The provisions protect children from homelessness by continuing to provide benefits to other family members in the form of vouchers or vendor payments for rent and utilities." (Legis. Counsel, Rep. on Assem. Bill No. 1260 (1997 Reg. Sess.) p. 3, italics added; § 11251.3, subd. (b).) The legislation was intended to "[e]nsure[] that the family's TANF assistance funds cannot be misused by the convicted individual who may have a substance abuse problem." (Legis. Counsel, Rep. on Assem. Bill No. 1260, *supra,* at p. 5.)

Further, section 17012.5 expressly limits ineligibility for general relief benefits to persons who are "member[s] of an assistance unit" receiving CalWORKS aid, and who have been barred from receiving such aid under section 11251.3. ▮ "A court's overriding purpose in construing a statute is to ascertain legislative intent and to give the statute a reasonable construction conforming to that intent. [Citation.] In interpreting a statute to determine legislative intent, a court looks first to the words of the statute and gives them their usual and ordinary meaning. [Citation.]" (*Home Depot, U.S.A., Inc. v. Contractors' State License Bd.* (1996) 41 Cal.App.4th 1592, 1600-1601 [49 Cal.Rptr.2d 302].) "Significance should be given, if possible, to every word of an act, and a construction that renders a word surplusage should be avoided. [Citation.]" (*Id.* at p. 1602.) ▮ The interpretation the County urges renders section 17012.5's express limitations meaningless.

The County claims we should ignore the plain language of section 17012.5 because the denial of general relief benefits to only persons convicted of drug-related felonies who are members of families with dependent children "defies common sense." However, as the trial court explained: "[S]ince . . . Congress tied the federal funding support of the CalWORKS program to an exclusion of persons convicted of drug-related felonies, California's exclusion can hardly be characterized as an independent public policy statement by the . . . Legislature. Rather, it appears to be compliance with a precondition for receipt of federal funds. Furthermore, . . . [section] 17012.5, excluding from General Relief only those people with drug felony convictions who are being excluded from CalWORKS, appears to be consistent with the state's overall statutory policy of preventing transfers of financial responsibility for CalWORKS recipients to the counties and is not necessarily an unquestionable endorsement of a particular public policy. Finally, . . . the programs being compared [CalWORKS and general relief]

. . . are two separate and independent programs, which target different populations, provide different benefits and have different rules and different means of addressing policy issues for the target populations."

The County neither analyzes the issues discussed by the court nor cites any authority suggesting the court's findings are inaccurate. ▪ "Where a point is merely asserted by counsel without any argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion." (*People v. Ham* (1970) 7 Cal.App.3d 768, 783 [86 Cal.Rptr. 906], disapproved on another ground in *People v. Compton* (1971) 6 Cal.3d 55, 60, fn. 3 [98 Cal.Rptr. 217, 490 P.2d 537]; *People v. Sierra* (1995) 37 Cal.App.4th 1690, 1693 [44 Cal.Rptr.2d 575].)

▪ We conclude the County's ordinance is not authorized by section 17001 or other provision of law. The ordinance is "inconsistent with and in open conflict with section 17000's mandate to relieve and support" needy residents. (*Nelson v. Board of Supervisors* (1987) 190 Cal.App.3d 25, 31 [235 Cal.Rptr. 305].) Further, the ordinance does not "further any governmental interest necessary to effectuate the purposes of the general relief statutes." (*Ibid.*)

At a minimum, the ordinance conflicts with section 17012.5 because it denies general relief to persons convicted of drug-related felonies who are not "member[s] of . . . assistance unit[s] receiving [CalWORKS] aid," and are not "ineligible for [CalWORKS] aid . . . pursuant to Section 11251.3." (§ 17012.5.) Had the Legislature intended to deny general relief benefits to *all* persons convicted of drug-related felonies, it could easily have done so. Any change in the law must come from the Legislature, not the County. (*Bernhardt v. Board of Supervisors* (1976) 58 Cal.App.3d 806, 811 [130 Cal.Rptr. 189] [§ 17001 does not permit local exclusion from reach of § 17000].)

### DISPOSITION

The judgment is affirmed.

Kremer, P. J., and Huffman, J., concurred.

A petition for a rehearing was denied November 13, 2001, and the opinion was modified to read as printed above.