[No. H032853. Sixth Dist. Mar. 26, 2009.]

RONDA BARRON, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
GILBERT MARTINEZ, JR., et al., Real Parties in Interest.

[No. H032884. Sixth Dist. Mar. 26, 2009.]

RONDA BARRON, Plaintiff and Appellant, v.
GILBERT MARTINEZ, JR., Defendant and Respondent;
SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT
SERVICES, Movant and Respondent.

## COUNSEL

Davis, Cowell, & Bowe, Adam Zapala; Western Center on Law & Poverty, Richard Rothschild and Nu Usaha for Petitioner and for Plaintiff and Appellant.

Gilbert Martinez, in pro. per., for Real Party in Interest and for Defendant and Respondent.

No appearance for Respondent.

Nancy A. Space for Movant and Respondent and for Real Party in Interest Santa Clara County Department of Child Support Services.

## OPINION

**PREMO, Acting P. J.**—Petitioner Ronda Barron, a participant in the public benefits program known as CalWORKs,[1] had an order for child support against respondent Gilbert Martinez, Jr. By April 5, 2005, Martinez owed child support arrearages of $56,527.83. The Santa Clara County Department of Child Support Services (County) substituted itself as payee, named Martinez as obligor, and gave notice that it was appearing in the case to enforce "support arrears only." (Fam. Code, § 17400.) Thereafter, County filed a motion for an order increasing liquidation of arrearages owed by Martinez and requiring both Martinez and Barron to "seek work." Barron appeared at the hearing and argued that she could not seek work since she was going to school in connection with her CalWORKs welfare-to-work program. The trial court rejected her argument and ordered Barron to quit school if

---

[1] CalWORKs stands for "California Work Opportunity and Responsibility to Kids." (Welf. & Inst. Code, § 11200.) CalWORKs is the current version of what used to be known as AFDC (Aid to Families with Dependent Children). (Stats. 1997, ch. 270, § 50; Legis. Counsel's Dig., Assem. Bill No. 1542 (1997–1998 Reg. Sess.); see *Arenas v. San Diego County Bd. of Supervisors* (2001) 93 Cal.App.4th 210, 213–214 [112 Cal.Rptr.2d 845].)

necessary and seek full-time employment. The court specified that compliance with CalWORKs would not suffice. Barron appeals from that order. We conclude that the order was an abuse of discretion and reverse.

## I. *Procedural Background*

On September 18, 2007, County filed a notice of motion "to increase or add arrears liquidation" and "seek work order." The motion, which was directed to both parties, asked the court to "increase liquidation of arrears consistent with the obligor's income and at the very least [to require] a monthly installment consistent with the 10% per annum of interest." At the hearing on November 1, 2007, Barron and Martinez appeared without attorneys. Counsel for County asked for a seek-work order against both parents, as both were unemployed and receiving public assistance. Barron testified that she was not then working but that she was in school. The court responded, "Time to get a job. You've got three children to support here." After exploring each party's living situation, the court again stated, "Time to get a job, folks, you've got children to support," to which Barron replied, "That's why I'm going to school, I'm on Cal-WORKS." The court responded that Barron needed to get a job, that a lot of people go to work and go to school, and that there was no reason she could not do both. The trial court's order specified, "Both parties <u>ordered</u> to comply with employment efforts order. Compliance [with] CalWORKs is not sufficient."

At the review hearing on February 27, 2008, Barron again appeared in propria persona. She testified that she had obtained a part-time workstudy job and was going to school as well. The court stated that Barron had to get a full-time job; she could go to school in the evening and work all day. When Barron advised the court that she would have a problem with daycare for her children, the court told her that she could go to school during the day and work at night. The court told each parent to get a job and "if that means you quit school to go get a job, so be it. You've got children to support, this is ridiculous for both of you. You need to be responsible adults and get a job. [¶] I worked, my wife worked, and we had two children and raised them. Okay. That's the way it is, you work and you take care of your kids."

The court ordered both parents to get full-time jobs by the next hearing, told them that the court would revoke their driver's licenses if they failed to do so, and set the matter for a final compliance hearing on July 9, 2008. The written order specifies: "Both parties must obtain employment—full time. Compliance CalWORKs insufficient. Licenses will be revoked if not working."

Barron filed a timely notice of appeal from the February 27, 2008 order (case No. H032884). Barron also filed a petition for writ of mandate and

request for stay (case No. H032853). The primary issue in both proceedings was whether the trial court erred in making an employment efforts order when compliance with the order could jeopardize Barron's CalWORKs benefits. We granted the stay request and solicited preliminary opposition from County.

County opposed consideration of the writ, arguing that it was untimely, that the evidence Barron submitted with the petition, which demonstrated that Barron was in compliance with a current CalWORKs plan, had not been submitted to the trial court, and that Barron had an adequate legal remedy and failed to pursue it when she did not appeal from the November 1, 2007 order. As to the substance of the claim, County conceded that it would be inappropriate for a court to impose a seek-work order on a custodial parent who is fully compliant with his or her CalWORKs plan, but argued that the challenged order was appropriate because Barron was also a noncustodial parent since Martinez then had custody of two of the couple's children.

We ordered the appeal and writ petition considered together for purposes of oral argument and appeal. County has now informed us that it will not file a respondent's brief in the appeal, effectively conceding the merits of Barron's appeal. We find the concession appropriate and reverse the trial court's order.

II. *Discussion*

Barron argues that the trial court's order "thwarts" the operation of the law pertaining to CalWORKs. Barron's objection to the order is that, on its face, it requires her to obtain full-time employment without regard to whether or not that would interrupt or jeopardize the completion of her CalWORKs program. In effect, the argument is that the order was an abuse of discretion. We agree.

■ The Family Code codifies the general principle that both parents are mutually responsible for the support of their children and that each parent should pay for the support of the children according to his or her ability. (Fam. Code, § 4053, subds. (b), (c).) To that end, Family Code section 4505, subdivision (a) states that a court "may" require an unemployed parent who is in default of a child support order to submit documentation showing that the parent has actually looked for work. Although Barron was never in default of a child support order, we shall assume, for purposes of this appeal, that the trial court had discretion to impose an employment efforts order upon her as well as upon Martinez, who was the parent in default.

Although the court may have had discretion to impose a seek-work order, judicial discretion must be controlled by fixed legal principles and exercised

in the spirit of the law, in a manner to serve the ends of substantial justice. (*Cohen v. Herbert* (1960) 186 Cal.App.2d 488, 493 [8 Cal.Rptr. 922], citing *Bailey v. Taaffe* (1866) 29 Cal. 422, 424.) A trial court's discretion is limited by the legal principles governing the subject of its action and is subject to reversal on appeal where no reasonable basis for the action is shown. (*Westside Community for Independent Living, Inc. v. Obledo* (1983) 33 Cal.3d 348, 355 [188 Cal.Rptr. 873, 657 P.2d 365].) In the present case, there was no reasonable basis for the trial court to refuse to consider Barron's participation in CalWORKs.

■ CalWORKs provides aid to families with related children under 18 whose parents cannot support them. (Welf. & Inst. Code, § 11250, subds. (a)–(c).) CalWORKs is funded in part by the federal block grant program known as TANF (Temporary Assistance for Needy Families). (42 U.S.C. § 601 et seq.; Welf. & Inst. Code, §§ 10100–10101, 11200.5.) The purpose of TANF, among other things, is "to increase the flexibility of States in operating a program designed to—[¶] . . . [¶] (2) end the dependence of needy parents on government benefits by promoting job preparation, work, and marriage." (42 U.S.C. § 601(a)(2).) In order to be eligible for TANF block grants, the state must certify that its program "provides parents with job preparation, work, and support services to enable them to leave the program and become self-sufficient." (*Id.*, § 602(a)(1)(A)(i).)

■ Under CalWORKs, unless a person is statutorily exempt, a person's eligibility for benefits is conditioned upon participation in a specified sequence of welfare-to-work activities. (Welf. & Inst. Code, §§ 11320.3, subd. (a), 11320.1.) The sequence begins with a job search. (*Id.*, § 11320.1, subd. (a).) When the initial search is unsuccessful, or any time the county determines that an initial job search will be unsuccessful, the participant is referred to "assessment." (*Id.*, subd. (b).) Following assessment, the county and the participant develop a plan that specifies the activities to which the participant will be assigned and the services that will be provided. (*Ibid.*) The activities to which the participant may be assigned include workstudy (*id.*, § 11322.6, subd. (h)), adult basic education (*id.*, subd. (k)), job skills training (*id.*, subd. (*l*)), vocational education (*id.*, subd. (m)), or education "directly related to employment" (*id.*, subd. (o)). ■ Participants who refuse, without good cause, to participate in plan components are subject to sanctions, including the loss of benefits. (*Id.*, §§ 11327.4, subd. (a), 11327.5, subd. (c).) Sanctions are not permitted because the participant declines an offer of employment if acceptance "would cause an interruption in an approved education or job training program in progress that would otherwise lead to employment and sufficient income to be self-supporting . . . ." (*Id.*, § 11320.31, subd. (f).)

■ Although the foregoing is an oversimplified summary of the detailed, interlocking system of benefits and job training, it is sufficient to demonstrate that the goal of the CalWORKs scheme is to help parents to become self-supporting. Since CalWORKs requires, wherever possible, that the parent seek or prepare for employment, an unemployed parent who is in compliance with his or her CalWORKs plan is, in effect, in the process of seeking employment. An order outside the CalWORKs context that requires a CalWORKs recipient to seek full-time work, regardless of whether or not doing so would conflict with the parent's CalWORKs plan, places the parent in the untenable position of having to choose between the possibility of sanctions imposed for failing to comply with the welfare-to-work plan and sanctions imposed for ignoring the court order. There is no reasonable basis for putting a parent in that position. "If there is any area requiring judicial restraint, it is where the legislative branch has defined the problem and set up a framework to solve it." (*Anderson v. Superior Court* (1989) 213 Cal.App.3d 1321, 1337 [262 Cal.Rptr. 405] (conc. opn. of Wiener, Acting P. J.).) The trial court's order, expressly requiring Barron to disregard the requirements of her CalWORK's program, was an abuse of discretion.

■ Barron has also argued that the trial court's order violated her right to due process in that she did not receive adequate notice that her CalWORKs benefits were at stake. But the notice of motion did specify that County was applying for a seek-work order against both Martinez and Barron so that the notice was, arguably, sufficient. We note, however, that Barron was unquestionably caught off guard by the trial court's insistence that she quit school and pursue *full-time* employment. Our Supreme Court has observed that the approach to due process in this state presumes that when an individual is subjected to deprivatory governmental action, the individual always has a due process interest "in being treated with respect and dignity." (*People v. Ramirez* (1979) 25 Cal.3d 260, 268 [158 Cal.Rptr. 316, 599 P.2d 622].) The proceedings in this case fell short of that mark.

■ Finally, County asked this court to "use its authority under Code of Civil Procedure section 909, to issue an order to allow consideration of the evidence related to [Barron's] participation in the CalWORKs program." That is unnecessary. Our unqualified reversal automatically remands the matter for renewed proceedings and places the parties in the same position as if the matter had never been heard. (Cf. *Weightman v. Hadley* (1956) 138 Cal.App.2d 831, 835 [292 P.2d 909].)

III. *Disposition*

The order of the trial court dated February 27, 2008, requiring appellant to comply with an employment efforts order, is reversed.

Petitioner's petition for writ of mandate in case No. H032853 is dismissed.

Elia, J., and Duffy, J., concurred.