Filed 3/28/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID HALEY,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SARA ANTUNOVICH,<br><br>        Defendant and Appellant. | A161842<br><br>(Alameda County Super. Ct.<br>No. HF-16-828657) |

David Haley pays child support to Sara Antunovich, the mother of their child. In February 2020, Haley sought to modify the amount of the court-ordered support. He also asked the trial court to order Antunovich to seek employment (seek-work order) as she had not worked since 2013, relying instead on Haley's child support and monthly gift income from her father. The court granted Haley's requests. In imposing a seek-work order, the court explained, "the policy of the State of California is that both parents should work and provide support for their minor child, so I will issue a seek-work order for [Antunovich] to find work with her skills and experience." The court also found the order was in the "best interest of the child."

Antunovich appeals the seek-work order. She contends the order was not supported by substantial evidence. She also argues the court misconstrued Family Code section 4053 — which sets forth principles regarding the application of the statewide uniform guideline for determining child support — when it remarked that the state's policy is that both parents

1

should work.  (Undesignated statutory references are to the Family Code.)
To the extent one could interpret this brief remark as construing section
4053, we agree the statute does not say "both parents should work."  But that
does not affect a trial court's discretion to impose a seek-work order in an
appropriate circumstance.  Here, substantial evidence supports the court's
finding that such an order was in the "best interest of the child."  Moreover,
the court's order is consistent with various principles in section 4053,
including that "[e]ach parent should pay for the support of the children
according to the parent's ability."  (*Id.*, subd. (d).)  We affirm.

## BACKGROUND

Antunovich and Haley share joint legal custody of their now five-year-
old child.  Initially, the child spent nearly 80 percent of his time with
Antunovich and the remaining time with Haley.  In 2017, Haley's monthly
income was $15,000, and he paid Antunovich $1,525 in child support each
month.  In addition, she received $5,000 in monthly gift income from her
father; the gifts later increased to $7,500 each month.

In February 2020, Haley moved to modify the child support order.  His
time with the child had increased to 42 percent, and his monthly income had
risen to $17,500 — under the statewide guideline, these changes would have
the effect of reducing the amount of child support.  (See § 4055.)  Haley also
sought a seek-work order for Antunovich.  For her part, Antunovich opposed
any reduction in child support.  She indicated she could not "afford such
a decrease" because she was unemployed and relied on Haley's child support
and her father's monthly gifts "to survive and to adequately care for [the
child]."  Antunovich contended there already was "a shortfall" between her
gift income and her nearly $11,000 in monthly expenses.  She also opposed
the requested seek-work order, asserting her lack of skills would require her

to find a minimum wage job for substantially less money than her father's gifts, which totaled approximately $90,000 per year. Moreover, although the child attended preschool, Antunovich asserted her employment would be detrimental to the child's "attachment bond and personal care."

In August 2020, at a hearing at which both parties were represented by counsel, the trial court reduced the monthly child support to $891, retroactive to February 2020. As a result, Antunovich owed Haley $4,438 in child support. The court also issued a seek-work order, stating "the policy of the State of California is that both parents should work and provide support for their minor child, so I will issue a seek-work order for [Antunovich] to find work with her skills and experience." The court also found the order was in the "best interest of the child."

## DISCUSSION

"California has a strong public policy in favor of adequate child support." (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 283.) The Legislature has declared that, subject to other statutes, both parents "of a minor child have an equal responsibility to support their child in the manner suitable to the child's circumstances." (§ 3900.) Awards of child support are governed by a statewide uniform guideline (see §§ 4050–4076) and, when implementing the guideline, courts must follow principles set forth in section 4053. (*In re Marriage of Hein* (2020) 52 Cal.App.5th 519, 527.) Among them: "(a) A parent's first and principal obligation is to support the parent's minor children according to the parent's circumstances and station in life. [¶] (b) Both parents are mutually responsible for the support of their children. [¶] . . . [¶] (d) Each parent should pay for the support of the children according to the parent's ability. [¶] (e) The guideline seeks to place the interests of children as the state's top priority." (§ 4053.)

3

In determining a guideline award, one significant factor is the parents' annual net income (see § 4055), which generally means "income from whatever source derived." (§ 4058.) That can include, as here, recurring and predictable monetary gifts to a parent. (*In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 736.) Courts can also "consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children" (§ 4058, subd. (b)) and impute income to an unemployed or underemployed parent. (*In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 999.) Moreover, a court may require an unemployed parent who is in default of a child support order to submit evidence that the parent is seeking employment (§ 4505, subd. (a)), and it "may require either parent [in a proceeding involving child or family support] to attend job training, job placement and vocational rehabilitation, and work programs . . . and provide documentation of participation in the programs . . . in order to enable the court to make a finding that good faith attempts at job training and placement have been undertaken by the parent." (§ 3558.)

With the foregoing in mind, we turn to Antunovich's argument that the trial court's seek-work order must be reversed because it was not supported by substantial evidence.[1] We disagree. We review the court's order for abuse of discretion. (*Barron, supra,* 173 Cal.App.4th at p. 298; see *In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1327 [child support orders reviewed for abuse of discretion].) In doing so, we " 'cannot substitute our judgment for

---

[1] Both parties appear to agree the trial court had the authority to impose a seek-work order (cf. § 4505, subd. (a) [authorizing seek-work order when unemployed parent is in default]), and its order should be reviewed for abuse of discretion. We assume, for purposes of this appeal, that the court had discretion to impose such an order. (*Barron v. Superior Court* (2009) 173 Cal.App.4th 293, 298 [assuming trial court had discretion to impose a seek-work order on nondefaulting parent].)

4

that of the trial court, but only determine if any judge reasonably could have made such an order.' " (*Ibid.*) "Findings will be normally implied to support judgments or orders if supported by substantial evidence." (*In r*e *Marriage* of *Ackerman* (2006) 146 Cal.App.4th 191, 197.)

Substantial evidence supports the seek-work order. Antunovich's own statements established that her income was insufficient to adequately support the child. In her "Income and Expense Declaration," filed June 30, 2020, Antunovich reported having estimated monthly expenses of $10,979. Her monthly gift income and the modified child support totaled $8,391 ($7,500 in gifts and $891 in child support), leaving a monthly shortfall of $2,588. Indeed, in her declaration opposing a reduction in child support, Antunovich noted she was unemployed, and she urged the court to impute income to Haley or to depart upward from the statewide guideline for determining child support because she would otherwise be unable "*to survive and to adequately care for* [*the child*]." (Italics added.) She also indicated she would be unable to maintain "[t]he level of care and lifestyle [the child] is used to" if child support were reduced. Moreover, the retroactive reduction of child support resulted in Antunovich owing Haley $4,438 in arrearages, which was to be repaid at a rate of $200 per month — meaning Antunovich would have even less money each month.

There was also ample evidence that Antunovich had the ability and opportunity for employment. (See *In re Marriage of Hinman*, *supra*, 55 Cal.App.4th at pp. 999–1000 [discussing factors supporting imputation of income to underemployed parent].) Antunovich averred that she had earned a Bachelor of Arts degree and had previously been employed. Additionally, there was evidence that, between Haley's increased child custody time and the child's enrollment in preschool, Antunovich had ample

time during which she could work.  Even a minimum wage job could have significantly closed the gap between her monthly expenses and the income Antunovich indicated was necessary "to adequately care for" the child and maintain the "level of care and lifestyle" to which he was accustomed.

Given the evidence that Antunovich's income was insufficient "to survive and to adequately care for" the child and that she had both the ability and opportunity to work, we conclude the trial court did not abuse its discretion in determining a seek-work order was in the "best interest of the child." (See *In re Marriage of Hinman*, *supra*, 55 Cal.App.4th at p. 1000 [courts have discretion to impute income where ability and opportunity to work exist].)  To the contrary, the order was consistent with various principles identified in section 4053, including that "[a] parent's first and principal obligation is to support the parent's minor children according to the parent's circumstances and station in life" (*id.*, subd. (a)), "[e]ach parent should pay for the support of the children according to the parent's ability" (*id.*, subd. (d)), and "the interests of children [are] . . . the state's top priority" (*id.*, subd. (e)).

Antunovich also contends the trial court erred by failing to require evidence that her father's recurring gifts would continue if she were employed.  We disagree.  No one disputes Antunovich received "a regularly occurring gift of $7500" from her father, which could properly be treated as income.  (*In re Marriage of Alter*, *supra*, 171 Cal.App.4th at p. 737.)  At the August 2020 hearing, Haley's counsel argued any income Antunovich earned from employment would be in addition to her ongoing gift income; by contrast, Antunovich's counsel argued any income from employment would supplant the gifts, which "could drop away at any time."  Absent evidence that Antunovich's employment would trigger an end to the gifts, the court did

not abuse its discretion in assuming the gifts would continue.[2] (*Id.* at pp. 736–737 [gifts can be treated as income even if "there was no guarantee that the parent would continue to receive such gifts in the future"].)

Antunovich next argues there was no evidence of the impact the seek-work order would have on the child, nor "any evidence whatsoever that the child's needs are not being met under the current circumstances." Not so. Antunovich herself averred that a reduction in child support would leave her unable "to survive and to adequately care for [the child]" or to uphold the "level of care and lifestyle" to which the child was accustomed. She was also the one who noted she was unemployed and had an already ongoing "shortfall" between her income and monthly expenses. On the other hand, she offered no evidence that the seek-work order would have a detrimental impact on the child — especially since the child was enrolled in preschool and spending over 40 percent of his time with Haley. It is undisputed Antunovich had no childcare responsibilities and could seek part-time work during those times. The court further acknowledged that the type and frequency of employment Antunovich sought could be tailored to the needs of the child. Thus, there was substantial evidence that Antunovich's current income was insufficient to adequately care for the child and no evidence that the seek-work order would have a detrimental effect on the child.

Finally, Antunovich contends the trial court erroneously imposed the seek-work order after incorrectly construing section 4053 to provide that "both parents should work and provide support for their minor child." At the outset, Antunovich forfeited this argument on appeal by failing to raise it in

---

[2] Of course, should the gifts from her father cease for any reason, Antunovich could seek to modify the amount of child support given the change to her income.

the trial court, but we exercise our discretion to consider this pure question of law.  (*Araiza v. Younkin* (2010) 188 Cal.App.4th 1120, 1127; *Phillips v. TLC Plumbing, Inc.* (2009) 172 Cal.App.4th 1133, 1141.)  We further doubt the court's brief remark could accurately be characterized as construing section 4053.  Leaving that aside, we agree that nothing in the Family Code necessarily requires parents to be employed to support their children.  Rather, courts take "into account each parent's actual income and level of responsibility for the children" when setting child support orders.  (§ 4053, subd. (c).)  So, for example, employment might be unnecessary when a parent is otherwise able to meet their child's financial needs through other private financial resources, such as monetary gifts, investments, or other sources of income.  (§ 4053, subd. (h) ["The financial needs of the children should be met through private financial resources as much as possible."].)  In any event, after making the brief misstatement regarding California policy, the court clarified it was issuing the seek-work order in the "best interest of the child."  As previously explained, we conclude the court's order was an appropriate exercise of discretion.

## DISPOSITION

The seek-work order is affirmed.  The parties shall bear their own costs on appeal.

_____

Rodríguez, J.


WE CONCUR:


_____

Tucher, P. J.


_____

Petrou, J.


A161842


9

Superior Court of Alameda County, Hon. Clifford T. Blakely.

Lvovich & Szucsko, Terry A. Szucsko and Hannah R. Salassi for appellant.

Law Offices of David Korsunsky and David D. Korsunsky for respondent.